**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| *In re: Lyft, Inc., Passenger Sexual Assault Litigation* | ) ) ) ) | **MDL Docket No. 3171** |

---

### INTERESTED PARTY RESPONSE AND MEMORANDUM OF PLAINTIFF IN SUPPORT OF CENTRALIZED RELATED CASES PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff and Respondent, A.D., respectfully submits this Interested Party Petition to Transfer Related Cases for Consolidated Pretrial Proceedings. Plaintiff agrees that transfer is useful, necessary, and supported by numerous common questions of fact and law in the Lyft, Inc., Passenger Sexual Assault Litigation. Plaintiff believes all pending actions should be transferred to and consolidated in the United States District Court for the Northern District of California, or in the alternative to the District of Massachusetts. For the reasons stated herein, Plaintiff respectfully requests an Order transferring Lyft, Inc., Passenger Sexual Assault Litigation actions to the Northern District of California for coordinated and pretrial proceedings.

### INTRODUCTION

Respondent incorporates by reference all arguments articulated in *Memorandum in Support of Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* by Plaintiff J.E. (Doc. 1-1). Respondent agrees that transfer and coordination or consolidation is appropriate given the common legal and factual issues the cases share. Transfer will avoid inconsistent rulings, preserve judicial and party resources, and aid in the efficient resolution of these cases.

This case, like that identified above, is filed by a survivor of sexual assault at the hands of a Lyft, Inc. ("Lyft") driver who was supposed to safely transport Plaintiff to her destination. The cases against

1

Lyft are premised on the fact that Lyft failed to adequately vet its drivers and failed to take appropriate safety precautions once it had notice that a subset of Lyft drivers were sexual predators and were sexually assaulting Lyft passengers on a widespread basis. The cases allege that Lyft was aware of the problem but nevertheless failed to conduct appropriate background checks, failed to adequately train and supervise its drivers, failed to adequately respond to complaints about predator drivers, failed to adopt safety design changes in the Lyft App, and failed to adopt standard safety measures such as video and audio surveillance.

## I.    ARGUMENT

### A.  Transfer and Consolidation or Coordination of All Actions Is Appropriate Under 28 U.S.C. §1407

28 U.S.C. §1407 provides for the transfer of actions to one district for coordinated or consolidated pretrial proceedings where actions pending in different districts involve one or more common questions of fact.  *See* 28 U.S.C. §1407(a).  Transfers are authorized when the Panel determines that such transfer will be for the convenience of the parties and witnesses, and will further promote the just and efficient conduct of such actions.  *Id.*

Plaintiff A.D. agrees that these matters should be coordinated.  It is well-settled that the threshold test of transferability and coordination under § 1407 is the presence of common questions of law and fact among the matters where consolidation is sought. *In re Managed Care Litigation*, 246 F. Supp. 2d 1363, 1364 (J.P.M.L. 2003); *In re South African Apartheid Litigation*, 238 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002).

> **When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings**. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that **transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions**.

*See* 28 U.S.C. § 1407(a).

If the related cases involve common questions, it is likely that they will benefit from consolidation

or coordination. *In re Equity Funding Corp. of America Securities Litig*, 375 F. Supp. 1378, 1382 (J.P.M.L. 1974). Unique factual issues in the individual cases do not defeat transfer, and all factual issues in the scheduled actions need not be common for the cases to benefit from coordination or consolidation. *In re Amsted Industries Inc. ERISA Lit.,* 162 F. Supp.2d 697, 698 (J.P.M.L. 2001). Indeed, commonalities in factual and legal questions need not be complete, nor even the majority, to merit transfer. *See In re Katz Interactive Call Processing Pat. Litig*., 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007). "[I]ndividualized factual issues" do not "negate the efficiencies to be gained by centralization." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017).

The purpose of the multidistrict litigation process is to "eliminate the potential for contemporaneous pretrial rulings by coordinating district and appellate courts in multidistrict related civil actions." *In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Consolidation is especially important in class actions where "the potential for conflicting, disorderly, [and/or] chaotic" action is greatest. *Id.* at 493. Transfer of related actions to a single district for pretrial proceedings avoids conflicting pretrial discovery and ensures uniform and expeditious treatment in the pretrial procedures. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006).

Here, consolidation is warranted given the number of actions already pending, the likelihood that additional actions will be filed, and the common questions of fact and law they share. Respondent is aware of 17 cases currently filed, and there are potentially hundreds, if not thousands, more to follow. Lyft, Inc. is an app-based transportation and technology company that provides transportation services throughout the entire United States. Lyft operates the Lyft App, founded in 2012, that connects customers to a Lyft driver. The number of assaults recognized by Lyft alone supports consolidation.

Indeed, Lyft has publicly disclosed 10,519 sexual assault reports involving Lyft App users in its

2017-2019 Community Safety Report and 2020-2022 Safety Transparency Report[1]. However, Lyft identified more than 18,000 incidents of assault and harassment in a single year period in reports to the California Public Utilities Commission.[2]

Thus, the Actions here all arise from the same or similar nucleus of operative facts, and each focuses on the same course of conduct regarding the above-mentioned sexual assaults by defendant Lyft. Among the numerous common questions of fact are:

- Lyft's duty to provide passengers with transportation free from assault;

- Lyft's knowledge that its drivers have been sexually assaulting its passengers;

- Lyft's failure to adopt or improve its safety procedures and policies;

- Lyft's failure to require sexual harassment or assault training for its drivers;

- Lyft's failure to conduct adequate background checks before hiring its drivers and otherwise failing to ensure that its drivers were fit to drive passengers;

- Lyft's failure to implement safety features into its app;

- Lyft's failure to address passengers' reports of sexual harassment, assault, and rape by Lyft drivers;

- Lyft's failure to timely terminate drivers who assaulted passengers or were unfit to perform their duties;

- Lyft's marketing tactics and failure to warn passengers of the risks of being sexually assaulted, harassed, or otherwise attacked by a Lyft driver;

- Lyft's status as a common carrier; and

- Lyft's false statements indicating that Lyft would provide safe rides to passengers.

Determination of these common issues in a single district will benefit the parties and witnesses and serve to promote the efficient prosecution and resolution of these Actions. Without consolidation

---

[1] Memorandum in Support of Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings by Plaintiff J.E. at 3, In re Lyft, Inc. Passenger Sexual Assault Litig., MDL No. 3171 (J.P.M.L. Oct. 6, 2025) (Doc. 1-1).
[2] *Id.*

of these Actions, a real and significant hazard of inconsistent rulings exists.  Moreover, without consolidation, there is a much higher risk of judicial inefficiency, overlapping and inconsistent discovery rulings, and unnecessary expenses to all parties.  Put simply, consolidation now will avoid serial briefing, duplicative discovery, inconsistent rulings, and will preserve judicial resources across the country.

## II.   THE NORTHERN DISTRICT OF CALIFORNIA IS A SUITABLE FORUM FOR CONSOLIDATION OF THESE MATTERS

After the JPML determines that centralization is appropriate, its next step is to find an available and convenient forum to handle the matter. *See Manual for Complex Litig.* § 22.33, at 367 (4th Ed. 2011).   Factors to consider for the most appropriate forum include: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931–32 (J.P.M.L. 1980) (discussing factors); *see also* Manual for Complex Litigation (Fourth), § 20.131, pp. 220–21.

A forum that satisfies these factors and that already has pending cases is favorable.  *Id.* at § 22.33, pp. 366–67.  The Panel also looks for a forum that "i) is not currently overtaxed with other multidistrict dockets, and ii) possesses the resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require." *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).

Lyft is headquartered in Northern California, thus corporate witnesses and documents will be conveniently located.  The Lyft JCCP is being litigated in the San Francisco Superior Court thus providing further convenience for the Defendants. Finally, the Northern District of California is well versed in the successful oversight of MDL litigation including the Uber MDL.  Respondent is confident that this requested forum will effectively and efficiently manage the prospective docket should this matter be consolidated.

### III.        THE DISTRICT OF MASSACHUSETTS IS ALSO A SUITABLE

In the alternative, Massachusetts is also a suitable forum should this Honorable Panel find in favor of consolidation. As of November 2025, the District of Massachusetts oversees only six MDLs, four of which are in their final phases.  Currently, there are only about 2,588 individually filed cases across the District of Massachusetts' MDL dockets.  The majority of cases fall within MDL 3029, *In re Covidien Hernia Mesh Products Liability Litigation (No. II),* which has 2,201 currently filed cases. The other larger MDLs in this District have reduced their dockets significantly. For example, only 68 cases in MDL 2768, *In re Stryker LFIT V40 Femoral Head Products Liability Litig.* remain out of 1,179 filed cases.

The District of Massachusetts has also shown to be effective and efficient in managing its MDL docket.  Moreover, the Court house is essentially within sight of Logan International Airport making it an easily accessible, centralized location with a number of direct flights from across the country.

<u>CONCLUSION</u>

Respondent urges transfer and coordination or consolidation to the United States District Court for the Northern District of California. In the alternative, Respondent requests transfer and coordination or consolidation to the United States District Court for the District of Massachusetts.

Respectfully submitted,

/s/ Roopal Luhana
Roopal Luhana
Eric Chaffin
Chaffin Luhana LLP
600 3rd Ave., 12th Floor
New York, NY 10016
Phone: 412-770-2956
Fax: 888-499-1123
Luhana@ChaffinLuhana.com
Chaffin@ChaffinLuhana.com

*Counsel for Interested Party Plaintiff and Respondent, A.D.*